221 So.2d 922

**La Vonnie HODGES**

**v.**

**STATE.**

**4 Div. 681.**

Court of Appeals of Alabama.

Jan. 28, 1969.

Rehearing Denied March 4, 1969.

Elno A. Smith, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of possessing a pistol, after having been convicted of a crime of violence. Section 174, Title 14, Code of Alabama 1940.

The evidence for the State established, and defendant admitted on the witness stand, that defendant was convicted of the offense of grand larceny in Houston County, Alabama, in March, 1963.

Defendant testified that on April 15, 1967, he was with four other persons at Jack's Pool in Headland, Alabama; that he saw Shelby Farmer slap Johnny Cramer, one of defendant's companions. Defendant asked Farmer what happened and was told it was none of his business. Defendant was ready to leave when Farmer's son, Wayne, threatened to kill him and came at him with an open knife. He swung at defendant several times and cut him on the hand; that after he had retreated to the building Mrs. Ruth Kelley, another of defendant's companions, handed him a .22 Caliber pistol. Defendant shot at Wayne Farmer's feet and asked him to leave him alone, but he refused to do so; that he hit Wayne Farmer with the pistol and Shelby Farmer advanced on him with a knife; that defendant then shot at Shelby Farmer's feet. Defendant's sister, who was employed at Jack's Pool, stepped between defendant and Shelby Farmer. Farmer knocked her out of the way and threatened to kill defendant, whereupon defendant shot him.

Witnesses for the State denied seeing either of the Farmers with a weapon of any kind.

█ Defendant's admissions that he had been convicted of the offense of larceny and that he had possession of the pistol after such conviction were sufficient to justify a conviction of the offense charged. Jackson v. State, 37 Ala.App. 335, 68 So.2d 850; Robinson v. State, 40 Ala.App. 101, 108 So.2d 188.

November 21, 1968, after oral argument and submission of the cause the appellant filed a petition for certiorari to perfect the record by bringing up the refused charges with the court's endorsement thereon.

The motion for certiorari is filed too late. Clark v. State, 8 Ala.App. 105, 62 So. 987; Cantrell v. State, 283 Ala. 225, 215 So.2d 440; Welch v. State, 271 Ala. 199, 123 So.2d 205.

█ Aside from the fact that the motion comes too late, the motion is without merit. Two of the refused charges are mere statements of legal principles without instruction as to effect upon or application to the issues. Holloway v. State, 37 Ala. App. 96, 64 So.2d 115.

█ The others assert that if the jury believe that defendant was threatened with felonious assault or confronted with sudden and imminent danger, his possession of the pistol was lawful and their verdict should be not guilty.

These charges seem to be framed under the provisions of Section 162 of Title 14, Code, which apply solely to a charge for carrying concealed weapons, Section 161, Title 14, Code.

These provisions not only have no application to the charge for which defendant stands convicted, but the charges would have been properly refused if tendered on a trial for a violation of Section 161, supra. In Barker v. State, 126 Ala. 83, 28 So. 589, the court said:

"Good reason to apprehend an attack does not give to the defendant the absolute and unqualified right to carry a weapon concealed about his person. The extent of the statute is that he may give this fact in evidence, which the jury are authorized to 'consider in mitigation of the punishment, or justification of the offense.'"

The judgment is affirmed.

Affirmed.