255 So.2d 599

In re Thomas Gere DONAHAY, alias

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

3 Div. 483.

Supreme Court of Alabama.

June 10, 1971.

William J. Baxley, Atty. Gen., and
Charles H. Barnes, Asst. Atty. Gen., for
petitioner, State of Alabama.

Frank W. Riggs, III; Montgomery, for
respondent-appellant.

McCALL, Justice.

On petition of the State of Alabama, we granted a writ of certiorari to review the judgment of the Court of Criminal Appeals which reversed the circuit court. The ground for the petition is that a material question of first impression in the appellate courts of Alabama was incorrectly decided by the Court of Criminal Appeals.

The defendant was convicted by a jury of violating Tit. 14, § 174(a), Code of Alabama, 1940, as amended, which provides as follows:

"No person who' has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his .possession or under his control." ·

He was sentenced to three years in the penitentiary. On appeal the Court of Criminal Appeals held that proof of "* * * compliance with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 [93 A.L.R.2d 733], in the former conviction is now a mandatory ingredient of the corpus delicti of the offense sub judice [before the court]." Gideon v. Wain-

wright, supra, holds that where an indigent defendant is charged with a non-capital felony, his right to counsel is deemed fundamental and essential to a fair trial, because the right to be heard comprehends the right to be heard by counsel.

■ The Court of Criminal Appeals found: "To prove conviction the State, without any predicate to comply with the best evidence rule, used the oral evidence of the Identification Officer of Montgomery County. See Goodwin v. State, 46 Ala.App. 149, 239 So.2d 221. However, no objection was interposed to this mode of proof. * * *" Consequently, the defendant may not complain of this action. Caughlan v. State, 22 Ala.App. 220, 114 So. 280. Our courts are committed to the rule stated in Knight v. State, 273 Ala. 480, 487, 142 So.2d 899, 906:

"The purpose of objection and exception are (sic) to challenge the correct-ness of the action of the court so· that such action may be corrected by the court· itself, if deemed erroneous, and to lay the foundation for review, if necessary, by the appellate tribunal. Without such objection, the trial court ordinarily has the right to assume that its action is acquiesced in and free from error. Haygood v. State, 252 Ala. 3, 38 So.2d 593."

The testimony of the identification officer was therefore in evidence. The Court of Criminal Appeals recognized this, but held that .this type of proof of another conviction is not enough without proving that the defendant had .a lawyer or validly waived one, citing Burgett v. Texas, 389 U.S. 109, at 114–115, 88 S.Ct. 258, 19 L.Ed. 319. ·

We construe Burgett v. Texas, supra, to hold that in felony cases, certified copies of judgments of convictions which are silent on their face as to the defendant's representation by counsel raise a presumption that the defendant was denied his right to counsel, and therefore his conviction is' void. There the court said: "Pre-

suming waiver of counsel from a silent record is impermissible."

However, there was more to evidence conviction in the present case than the testimony given by the identification officer. The opinion of the Court of Criminal Appeals contains an additional finding of fact which, we think, is significant, because it bears upon whether or not there was any supplementary proof pointing to a valid prior conviction. The Court of Criminal Appeals also said in its opinion: "* * * Indeed, defense counsel conceded that Donahay had been convicted." This finding by the court standing alone in the opinion, does not inform us of what prior crime the defendant had been convicted, or, for that matter, that he had been convicted of a crime of violence. Nonetheless, it is undisputed that the defendant's conviction is conceded. The finding however leaves the nature of the crime of conviction and the manner and circumstances under which the defendant conceded the conviction hidden in the pages of the record.

[2, 3] Through a long line of decisions, we have held that where there is no dispute about the facts, the Supreme Court may examine the record for a more complete understanding of those features of the record which have been treated in the opinion of the Court of Appeals. Johnson v. State, 277 Ala. 655, 173 So.2d 824; Helms v. State, 270 Ala. 603, 121 So.2d 106; Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919; Vardaman v. Benefit Ass'n of Railway Employees, 263 Ala. 236, 82 So.2d 272; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Hood v. State, 230 Ala. 343, 162 So. 543. The record here shows that the defendant's counsel freely admitted, at approximately a dozen separate stages in the course of the trial, that the defendant had been convicted of robbery, and counsel remonstrated with the State's attorney, and with the court, when the State undertook to prove this conviction, stating: "Now, Your Honor, if they are calling Mr. Gafford to prove that he was convicted of a robbery, I admit that. I admit that for the record." Since the defendant admitted his prior conviction, there was no necessity for the State to prove the conviction by a certified copy of the records of the court, showing such under the best evidence rule, Bosarge v. State, 273 Ala. 329, 139 So.2d 302; Harbin v. State, 210 Ala. 667, 99 So. 100, or to otherwise offer proof of the admitted fact.

In our opinion, when a defendant, through his own counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime. In People v. Niles, 227 Cal. App.2d 749, 39 Cal.Rptr. 11, the court made this pertinent statement:

"* * * If, as here, he [the defendant] admits the prior felony as charged, he cannot thereafter object that proof was not made that the offense was a felony under California law. *When he admits the prior felony conviction he does so for all purposes unless he qualifies the admission in some particular thereby putting the People to proof.*" (Emphasis supplied.)

By his act of admitting the prior conviction, we think the defendant relieved the State from the burden of proving any of the matters that ordinarily would attend establishing the prior conviction. Webster's Third New International Dictionary defines "admit" "* * * b: to accept as true or valid: ACKNOWLEDGE * * *."

As pointed out in Wigmore on Evidence, Third Edition, 1940, at § 1058, the true admission is a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for the purposes of litigation that the proposition of fact alleged by the opponent is true; it concerns a method of escaping from the necessity of offering any evidence at all, and is a waiver relieving the opposing party from the need of any evidence, and is conclusive

in the sense that it formally waives all right to deny, for the purposes of the trial; it removes the proposition in question from the field of disputed issues. See also Wigmore on Evidence, Third Edition, 1940, §§ 2588, 2590 and 2591.

Were it otherwise, an admission of prior conviction, made with undisclosed qualifications, would result in the nullification of the admission. The action would be pointless, unless designed to ensnare the opposition, which proposition we do not entertain in this case. We think there is a difference between there being a deficiency in the required preliminary proof as a foundation for the introduction of a certified copy of a record of conviction, as where the record is silent as to the presence of legal counsel, and an admission by the defendant of the fact of his prior conviction. The admission would seem to us to supply all of the necessary requirements for this area of proof in the case.

For the reasons stated, we think the judgment of the Court of Criminal Appeals should be reversed, with direction to reconsider the case in conformity with the opinion here rendered.

Reversed and remanded with directions.

HEFLIN, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.