Appellant, an indigent, was convicted of a violation of § 13-6-152, Code of Alabama 1975, and sentenced to five years imprisonment. The grand jury of Tuscaloosa County charged in the indictment that appellant "did own a pistol or did have a pistol in his possession or under his control after February 9, 1972, theretofore having been convicted in the State of Alabama of committing a crime of violence, to-wit: Burglary. . . ."
At trial, the prosecution introduced a statement made by appellant to Special Agent George Barrows, in which appellant admitted not only that he owned the pistol in question, but also that he had been previously convicted of burglary in 1963. The State also introduced a certified copy of a trial docket sheet from Jefferson County, Alabama, showing that on February 9, 1972, appellant had entered a plea of guilty to burglary. The docket sheet indicated that on February 8, 1972, an attorney was appointed to represent appellant. The "bench notes," however, did not show whether appellant was attended by counsel on the following day when he pleaded guilty.
 I
At trial, appellant objected to the introduction of his statement to Special Agent Barrows on the ground that it was not voluntarily given. At an in camera hearing to determine the admissibility of appellant's confession, the Miranda and voluntariness predicates were properly laid, and the trial court ruled that appellant's statement would be received in evidence.
The admissibility of appellant's confession was a matter addressed to the sound discretion of the trial judge, and we do not believe that his decision was palpably contrary to the weight of the evidence. White v. State, Ala.Cr.App.,368 So.2d 332. Having determined that appellant's statement was voluntary, the trial court properly submitted its credibility to the jury. McBryar v. State, Ala.Cr.App., 368 So.2d 568.
 II
Appellant argues that his conviction for possession of a pistol should be overturned because the State did not properly prove a previous conviction of a crime of violence. He maintains that the State may not use his admission of a 1963 burglary conviction to prove its case, but instead must prove a conviction on the date alleged in the indictment, i.e., February 9, 1972. We do not agree. *Page 359 
The introduction of appellant's confession was proper. Therefore, the admission of a 1963 burglary conviction, contained in that confession, supplied an element of the offense and removed the State's burden of proving a prior conviction of a crime of violence. See Donahay v. State,287 Ala. 716, 255 So.2d 599; Hodges v. State, 45 Ala. App. 29,221 So.2d 922.
As the Alabama Supreme Court observed in Donahay, supra:
 "[b]y his act of admitting the prior conviction, we think the defendant relieved the State from the burden of proving any of the matters that ordinarily would attend establishing the prior conviction."
Appellant cites McCarty v. State, 55 Ala. App. 342,315 So.2d 139, for the proposition that, whenever the State chooses to allege the date of a particular conviction in the indictment, the State must then prove that particular conviction, notwithstanding the fact that the defendant admits a prior conviction. Appellant's reliance upon McCarty, supra, is misplaced. The indictment in McCarty charged that the defendant had been convicted of grand larceny on or about September 22, 1971. The defendant in McCarty admitted only that he had been previously convicted of "a felony," not that he had been convicted of grand larceny. Since not all felonies are crimes of violence, see § 13-6-150, Code of Alabama 1975, the State had to prove the grand larceny allegation in the McCarty
indictment in order to establish its case.
In the case before us, appellant admitted to a burglary conviction, and burglary is a crime of violence under § 13-6-150, Code of Alabama, supra. Thus, in the instant case, appellant's admission furnished an element of the offense (conviction of a crime of violence) which was lacking inMcCarty, supra.
Furthermore, unlike the indictment in McCarty, the indictment under which appellant was charged did not allege that appellant had been convicted on a particular date. It charged only that appellant possessed a pistol "after February 9, 1972,theretofore having been convicted of. . . . Burglary." [Emphasis added.] Appellant's acknowledgement of a 1963 burglary conviction is therefore consistent with the wording of the indictment.
We have searched the record and find no error prejudicial to the appellant; therefore, the judgment of conviction by the Tuscaloosa Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.