The defendant was indicted and convicted for burglary in the third degree. Section 13A-7-7, Alabama Code 1975 (Amended 1977). Sentence was ten years' imprisonment under the Alabama Habitual Felony Offender Act. Section 13A-5-9, Alabama Code 1975 (Amended 1977)
 I
The State proved the defendant's prior conviction for robbery through a trial docket sheet from Jefferson County. This was proper. In Jefferson County a certified copy of the trial docket sheet is a proper method of proving a prior conviction 1971 Alabama Acts, No. 1037, Section 2, p. 1848. See Thomas vState, 395 So.2d 1105 (Ala.Cr.App. 1981). Although the trial docket sheet shows that counsel was appointed to represent the defendant on October 15, 1973, the docket sheet does specifically state that the defendant was represented by counsel (or had waived counsel) on July 30, 1974, when he withdrew his plea of not guilty and pled guilty
We think that the docket sheet showing that the defendant was represented by appointed counsel is sufficient to satisfy the requirement of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967), that a prior conviction can be used to enhance punishment only where it has first been affirmatively established that the defendant was represented by counsel or waived counsel at the time of the prior conviction
At trial the defendant testified in his own behalf and under direct examination by his own counsel admitted that on July 30, 1974, he pled guilty to robbery. "(W)hen a defendant, through his own counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime."Donahay v. State, 287 Ala. 716, 718, 255 So.2d 599 (1971)
 II
Contrary to defendant's contentions the record shows that he was given "reasonable" notice of the convictions to be used under the Habitual Felony Offender Act. Rule 6 (b)(3)(ii), Alabama Rules of Criminal Procedure, Temporary Rules. At some time prior to trial, the defendant received notice that the State intended to employ the habitual offender statute and notice of the two convictions the State intended to use. The record also shows, without dispute, that after the conviction and six weeks before sentencing the defendant received actual notice of the two convictions the State would use
 III
The Alabama Habitual Felony Offender Act is constitutionalWatson v. State, 392 So.2d 1274 (Ala.Cr.App. 1980), cert denied, 392 So.2d 1280 (Ala. 1981). The indictment need not allege that the prosecution is pursuant to the Habitual Offender Act. Holley v. State, 397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala. 1981) *Page 1053 
 IV
Birmingham Police Officer William Edward Harris received a radio dispatch that a silent burglar alarm had been activated at Franklin Industries. In the rear of the building, he found that a small panel of a "bay" or garage door had been knocked out. Officer Harris and his partner entered the building Harris noticed that most of the lights were on and heard the defendant typing. Harris asked the defendant if he worked there and the defendant stated that he used to. Officer Harris then asked the defendant what did he mean and the defendant replied that he had been fired
These questions and answers were clearly admissible as they were obviously made in determining whether or not a crime had been committed. Kelley v. State, 366 So.2d 1145 (Ala.Cr.App 1979)
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed
AFFIRMED
All Judges concur