The defendant pled guilty to one indictment charging unlawfully obtaining a controlled substance by the use of a forged prescription, Alabama Code 1975, Section 20-2-70, and was sentenced to thirteen years' imprisonment.
The defendant also pled guilty to escape in the second degree, Section 13A-10-32 (Amended 1977), and was sentenced as an habitual offender to thirteen years' imprisonment (to run concurrent with the drug conviction) on recommendation of the State. Three remaining cases were nol prossed on recommendation of the State. In each case the defendant waived a sentencing hearing.
On appeal, the defendant argues that his plea of guilty to the indictment charging escape was not voluntarily and intelligently entered because there is no showing in the record that he was represented by counsel at his prior convictions or that he knowingly waived the right to counsel at that time. Under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967), a prior conviction cannot be used to enhance punishment unless the accused was represented by counsel or waived that right.
The record shows that the defendant admitted the two prior convictions:
 "THE COURT: . . . (I)t is the understanding of this Court that you have been convicted of two prior felonies; is that correct?
"MR. NILSON: Yes, sir. In the State of Louisiana."
Under Donahay v. State, 287 Ala. 716, 255 So.2d 599 (1971), this case is due to be affirmed.
 "In our opinion, when a defendant through his own counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime. . . ."
* * * * * *
 "By his act of admitting the prior conviction, we think the defendant relieved the State from the burden of proving any of the matters that ordinarily would attend establishing the prior conviction."
* * * * * *
 "Were it otherwise, an admission of prior conviction, made with undisclosed qualifications, would result in the nullification of the admission. The action would be pointless, unless designed to ensnare the opposition, which proposition we do not entertain in this case. We think there is a difference between there being a deficiency in the required preliminary proof as a foundation for the introduction of a certified copy of a record of conviction, as where the record is silent as to the presence of legal counsel, and an admission by the defendant of the fact of his prior conviction. The admission would seem to us to supply all of the necessary requirements for this area of proof in the case."
 Donahay, 287 Ala. at 719-19, 255 So.2d 599 (emphasis added).
See also Douglas v. State, 406 So.2d 1051, 1052 (Ala.Cr.App.), cert. denied, Ex parte Douglas, 406 So.2d 1053 (Ala. 1981);Thompson v. State, 405 So.2d 717, 720 (Ala.Cr.App.), cert. denied, Ex parte Thompson, 405 So.2d 721 (Ala. 1981); Moseleyv. State, *Page 1264 398 So.2d 357, 359 (Ala.Cr.App.), cert. denied, Ex parte Moseley,398 So.2d 359 (Ala. 1981). This is to be contrasted to and compared with the case of a silent record. See Hollingsworth v.State, 410 So.2d 133 (Ala.Cr.App.), cert. quashed,410 So.2d 134 (Ala. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.