480 So.2d 606 (1985)
Gilbert Edward LOFTIN
v.
CITY OF MONTGOMERY.
3 Div. 982.
Court of Criminal Appeals of Alabama.
February 26, 1985.
On Return to Remand December 10, 1985.
*607 John T. Kirk, Montgomery, for appellant.
J. Anthony McLain and James F. Hampton, Asst. City Prosecutors, for appellee.
PATTERSON, Judge.
Appellant, Gilbert Edward Loftin, seeks review of his February 8, 1984, conviction in the Montgomery Circuit Court, for driving while under the influence of alcohol, § 32-5A-191, Code of Alabama 1975. The facts of this case have been thoroughly reviewed in Loftin I, Loftin v. City of Montgomery, 480 So.2d 603 (Ala. Crim.App.1985), released with this opinion, and we will therefore not review the facts herein. Appellant raises the same contentions of error as in Loftin I. We feel compelled to address only his second contention, concerning the sentence imposed by the trial court. Appellant was sentenced to forty-eight hours in the county jail and a fine of five hundred dollars. The trial judge stated he was going to treat appellant as a second offender. This sentence was imposed before the trial and conviction of appellant's first offense discussed in Loftin I. The records before the court at the time of sentence revealed that appellant had been convicted of one prior D.U.I. offense in 1979. This conviction was not used by the trial judge later in his sentencing of appellant in Loftin I because the records did not show appellant as having been represented by an attorney in the 1979 case. We have the same trial judge presiding in both Loftin I and the instant case. A prior conviction may properly be proven by introduction of a certified minute entry, Crittenden v. State, 414 So.2d 476 (Ala.Crim.App.1982), a certified judgment entry, Livingston v. State, 419 So.2d 270 (Ala.Crim.App.1982), or an admission by the defendant of the prior conviction, without qualifications, Donahay v. State, 287 Ala. 716, 255 So.2d 599, cert. denied, 255 So.2d 602 (Ala.1971); Burrell v. State, 429 So.2d 636 (Ala.Crim.App.1982). In the case at bar, no records were introduced to prove the facts concerning appellant's prior convictions, nor did appellant admit to any prior convictions. There being no proper proof before the trial court concerning appellant's prior convictions, he should not have been treated as a second offender; rather he should have been sentenced as a first offender based upon the evidence before the court at the time. We note that the sentence falls within the statutory range of punishment applicable to first offenders; however, since the trial court treated him as a second offender his sentence cannot constitute harmless error. Ex parte Thomas, 435 So.2d 1324 (Ala.1982).
In order to further clarify our holding in Loftin I and Loftin II (the present case), we direct attention to the code section applicable to enhanced punishment for subsequent D.U.I. convictions, § 32-5A-191(c), (d), and (e). The enhancement provisions direct that "[o]n a second conviction," § 32-5A-191(d), or "[o]n a third or subsequent "conviction," § 32-5A-191(e), the offender's punishment shall be enhanced according to the dictates of the provision. The key language here is "conviction." Thus, even though appellant's first offense was tried after his second offense, the date of conviction, rather than the date of the offense, controls in determining enhancement of sentence pursuant to § 32-5A-191, supra. When this case comes up for resentencing, the trial court may only use properly proven convictions which occurred prior to the present case, i.e., prior to the circuit court's finding of guilt on February 8, 1984.
This cause is therefore due to be, and is hereby, remanded with instructions to resentence *608 appellant in a manner not inconsistent with this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
On return to remand the record indicates that the trial court resentenced appellant in accordance with our directions. Appellant has been sentenced to a fine of $250 plus costs. This sentence is properly within the limits of a first offense, § 32-5A-191(c), Code of Alabama 1975. Appellant having been properly sentenced, this case is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.