Willie Lee Sashner was convicted for the murder of his wife, Elnora James, and sentenced to life imprisonment. On appeal from that conviction, Sashner argues that the assistant district attorney improperly attempted to strike all blacks from the jury in violation of Batson v. Kentucky, 476 U.S. ___,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). That case holds that "[T]he Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." Batson, 476 U.S. at ___, 106 S.Ct. at 1719.
On appeal, Sashner recognizes that the record is "somewhat vague, ambiguous, inadequate, and unclear." Appellant's brief, p. 5. That record shows that the jury was selected without objection:
 "(The jurors were identified and a jury was selected and sworn to hear the issues:)
 "THE COURT: Go ahead and make your opening statements.
 "MS. TANNER [Assistant District Attorney]: Judge, can if I could just wait. I need to get something out of Sgt. Fail's file.
 "THE COURT: Let the record reflect that Mr. Brunson has made known to me that he wanted to take up some motions and I asked him to hold those motions until the first recess."
The State presented most of its case before that "first recess" was held.
 "[THE COURT:] You had indicated, Mr.Brunson [defense counsel], you wanted to take up some other matters with me? *Page 1323 
 "MR. BRUNSON: Yes, sir, Judge. The ones I wanted to file, I understand we didn't have a chance, but I wanted to present them before we started the case and you said I could preserve them.
"THE COURT: Right."
* * * * * *
 "MR. BRUNSON: And also a motion for a new trial and a new venire based on the fact that Ms. Tanner used all her strikes to try to eliminate all of the blacks off the jury in this case.
 "MS. TANNER: Let the record reflect that I did strike whites and that the victim in the case is black, the defendant is black and every witness I'll call except for the coroner of Mobile County and the police detective will be black.
 "THE COURT: All right. Well she did strike white jurors. Let the jury reflect that.
"(A lunch recess was had)."
Defense counsel did not further pursue this issue and did not request a ruling on his motion. Without an adverse ruling from the trial court there is nothing for this Court to review.Showers v. State, 407 So.2d 169, 171 (Ala. 1981); Small v.State, 348 So.2d 507, 509 (Ala. 1977); Caldwell v. State,282 Ala. 713, 717, 213 So.2d 919 (1968).
Additionally, we hold that the mere allegation that the prosecutor "used all her strikes to try to eliminate all of the blacks off the jury" does not constitute a prima facie showing of discriminatory selection of the venire. That standard is articulated in Batson, 476 U.S. at ___, 106 S.Ct. at 1722-23:
 "These principles support our conclusion that a defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group, Castaneda v. Partida, supra, 430 U.S. [482] at 494, 97 S.Ct., [1272] at 1280, [51 L.Ed.2d 498 (1977)] and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' Avery v. Georgia, supra, 345 U.S., [559] at 562, 73 S.Ct., [891] at 892 [97 L.Ed. 1244 (1953)]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.
 "In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors."
Because the issue is not preserved for review and because a prima facie case of discriminatory jury selection was not established, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1324