The appellant, Fred Wayne Kent, was found guilty of robbery in the first degree in violation of § 13A-8-41, Code of Alabama
(1975). He was sentenced to life without parole pursuant to the Habitual Felony Offender Act.
Kukethus Adams testified that on the day of the alleged robbery she was working as a cashier at Super X Drugs. She testified that a man approached her register and presented a merchandise item for purchase. He then stated, " '[b]ut instead of me giving you money you give me all your money.' " She further testified that a man standing behind the appellant told her to hurry up. At that time, she observed no weapons and she testified that she began laughing. Thereafter, the appellant leaned over the counter and revealed a pistol that he had concealed in a "little plastic case like you sit in the front of your car." She further testified that in order to attract attention, she intentionally entered the price of the merchandise item incorrectly on the cash register, thereby triggering a buzzing noise from the cash register. Thereafter, the man standing behind the appellant, said "hurry up." She then took all the money from the register, $518.00, and put it in the box. The appellant had instructed her not to give him any change, but only bills. After the two men walked out of the store, Ms. Adams approached the pharmacy, stating that she had been robbed. Two of the store's employees, Tim Harris and Wanda Yancey, ran after the two perpetrators. Ms. Adams identified the appellant in court as the individual who robbed her.
Tim Harris, an employee at Super X Drugs, testified that he was in the pharmacy on the day in question. He testified that when Ms. Adams informed them that she had been robbed by the two men, he pursued them to their car and got their license plate number. He testified that after exiting the premises, the two men fled in a 1977 or 1978 Toyota Celica that was orange or red in color. He testified that the vehicle's tag number was 1E-53854. A warrant was later obtained for the appellant after a police verification of the reported vehicle tag number.
Officer David Hill, of the Oxford Police Department, testified that he prepared a photographic line-up for viewing by Ms. Adams after the appellant was arrested. He further testified that Ms. Adams picked out the photograph of the appellant and indicated that he was the man who had robbed her.
The appellant offered testimony to support a defense of alibi. He stated that on the day in question, he took his wife's car to be repaired and that he retrieved the car from the garage the same afternoon. However, after noticing that the car was operating improperly, he then continued to drive the car in an attempt to identify the origin of the mechanical problem. He thereafter returned home and spent the rest of the afternoon shopping with his wife. That evening, he said he and his wife *Page 375 
had dinner at a neighbor's home, where they remained until approximately midnight. Two of the appellant's friends, who said they were also present at the neighbor's home, testified at trial and confirmed the appellant's presence at his neighbor's home.
 I.
The appellant argues that the trial court committed reversible error by failing to instruct on the lesser included offense of robbery in the second degree.
Robbery in the first degree is defined by § 13A-8-41, Code ofAlabama (1975), as follows:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
 "(2) Causes serious physical injury to another."
Robbery in the second degree is defined by § 13A-8-42, Codeof Alabama (1975), as follows:
 "(a) A person commits the crime of robbery in the second degree if he violated Section 13A-8-43
and he is aided by another person actually present."
In determining this issue, we look to the Alabama Supreme Court analysis of the similar case of Ex parte Curry,471 So.2d 476 (Ala. 1984).[1]
 "In this case, the lesser-included-offense charges of second and third degree robbery were not supported by the evidence. 'A court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind that there is no evidence to tending to bring the offense within the definition of the lesser offense.' Wesley v. State, 424 So.2d 648, 652
(Ala.Cr.App. 1982), Chavers v. State, 361 So.2d 1106 (Ala. 1978). . . . The presence of a gun elevates third degree robbery to first degree robbery. We, therefore, agree with the Court of Criminal Appeals that the only issue was one of identity and, accordingly, the trial court did not err in failing to give the lesser included offense charges."
Id. at 478.[2]
The presence of the gun used during the robbery was undisputed at trial and therefore "the only reasonable conclusion from the evidence is that the accused is guilty of the offense charged or no crime at all." McKeithen v. State,480 So.2d 36, 37 (Ala.Cr.App. 1985) (wherein the appellant and another man, both of them armed, robbed a grocery store and presented an alibi defense at trial; the requested instructions on second and third degree robbery were properly refused).
A charge on second degree robbery was inappropriate, as the evidence in this case pointed either to the guilt of the appellant as charged in the indictment or to his innocence. "An accused is entitled to have the jury charged on a lesser included offense only when there is a reasonable theory from the evidence to support the lesser offense. Johnson v. State,398 So.2d 393 (Ala.Cr.App. 1981); Williams v. State,377 So.2d 634 (Ala.Cr.App.), cert. denied, 377 So.2d 639 (Ala. 1979)."Byrd v. State, 421 So.2d 1344, 1351 (Ala.Cr.App. 1982).
 II.
The appellant maintains that he was denied his constitutional right to a trial by an impartial jury when the State used its peremptory challenges to strike all blacks from the jury. However, the record shows that no objection was made by the defense counsel or the appellant during or after the selection of the jury. Further, when asked by the trial judge, "Is that your jury?" the defense counsel responded, "Yes, sir."
Although the equal protection clause forbids a prosecutor to challenge potential jurors *Page 376 
solely on the basis of their race, Batson v. Kentucky, 476 U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), "[w]ithout an adverse ruling from the trial court, there is nothing for this Court to review." Sashner v. State, 500 So.2d 1322 (Ala.Cr.App. 1986).
 III.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal on the charge of first degree robbery. Specifically, the appellant argues that the requisite element of force was not proven. Robbery in the first degree, by definition, requires the violation of § 13A-8-43, which provides for the offense of robbery in the third degree as follows:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
In another case we considered that statute and wrote:
 "Applying these statutory requirements to the facts of this case, it is apparent that the State made out a prima facie case of first degree robbery and thus that the question of the appellant's guilt was properly submitted to the jury."
Breedlove v. State, 482 So.2d 1277, 1281 (Ala.Cr.App. 1985), citing Thatch v. State, 397 So.2d 246 (Ala.Cr.App.), cert. denied, 397 So.2d 253 (Ala. 1981); Marvin v. State,407 So.2d 576 (Ala.Cr.App. 1991).
This court has found, "as a matter of law, that brandishing the weapon constituted both the use of force and the threat of force." Lewis v. State, 469 So.2d 1291, 1298 (Ala.Cr.App. 1984). Furthermore, "[t]his court has repeatedly held that the State does not have to prove that the defendant actually had a gun in order to sustain a conviction of first degree robbery.Stewart v. State, [443 So.2d 1362, 1363 (Ala.Cr.App. 1983]."Breedlove v. State, supra, at 1281. In the case at bar, the victim testified that the appellant exhibited a plastic box and revealed its contents, a "silvery" pistol, to the victim while ordering her to give him the money in her register.
 "To constitute robbery, it is not necessary for the robber to use actual physical force against his victim.
 'In robbery, the force or intimidation employed is the gist of the offense. The manner of taking is in the alternative; if force or violence is used, fear is not an essential ingredient. Conversely, if fear is used, there need be no violence.' Baker v. State, 344 So.2d 547, 549 (Ala.Cr.App. 1977)."
Proctor v. State, 391 So.2d 1092, 1093 (Ala.Cr.App. 1980). "In order to sustain a conviction for first degree robbery, the test to be applied is a 'subjective' one which focuses on the 'reaction of the victim to the threats of the robber.' State v.Hopson, 122 Wis.2d 395, 362 N.W.2d 166, 169 (1984)." Breedlovev. State, supra, at 1281.
"The State made out a prima facie case of robbery. The testimony of the victim alone was sufficient to accomplish this. Godbee v. State, 56 Ala. App. 174, 320 So.2d 107 (1975)."Arnold v. State, 348 So.2d 1092, 1097 (Ala.Cr.App. 1977).
 IV.
The appellant contends that the trial court erred in using prior convictions to enhance his punishment. He specifically argues that the record does not indicate that he was represented by counsel at the time of the prior convictions. However, the record does reflect that the appellant admitted to the prior convictions.
 "[W]hen a defendant, through his own counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime. . . . By his act of admitting the prior conviction, *Page 377 
we think the defendant relieved the State from the burden of proving any of the matters that ordinarily would attend establishing the prior conviction."
Donahay v. State, 287 Ala. 716, 718, 255 So.2d 599 (1971).
Thus, despite any claims by the appellant that the State failed to prove that the appellant was represented by counsel at the time of the prior convictions, "once a defendant admits prior felony convictions, they are proved for purposes of the Habitual Felony Offender Act." Watson v. State, 439 So.2d 762,770 (Ala.Cr.App. 1983), citing Peoples v. State,415 So.2d 1230, 1231 (Ala.Cr.App. 1982); Smith v. State, 409 So.2d 455,459 (Ala.Cr.App. 1981); Douglas v. State, 406 So.2d 1051, 1052
(Ala.Cr.App.), cert. denied, 406 So.2d 1053 (Ala. 1981).
AFFIRMED.
All the Judges concur.
[1] In Ex parte Curry, the trial court's decision in refusing charges as to second and third degree robbery was upheld. InCurry, the appellant and another man "held-up" a restaurant at gunpoint.
[2] Ex parte Curry, has been modified as to its holding that a defendant is not entitled to lesser included offense instructions where his defense is alibi. Ex parte Stork,475 So.2d 623, 624 (Ala. 1985). *Page 732