Morris Welch, the appellant, was convicted of rape in the first degree and was sentenced to 25 years' imprisonment. He was also convicted of kidnapping in the second degree and of robbery in the third degree and was sentenced to ten years' imprisonment in each of those cases. He raises three issues on this direct appeal from those convictions.
 I.
The trial judge properly refused the appellant's requested jury instruction on sexual abuse in the first degree as a lesser included offense of rape. The appellant contends that the State failed to prove penetration as an element of rape and that, consequently, he was entitled to a charge on sexual abuse in the first degree as a lesser included offense. *Page 146 
Here, the testimony of the victim was sufficient to establish the element of penetration. The victim, an adult mother with two children, testified that the appellant told her he was going to "rape" her, that he had "intercourse" with her, and that he twice forced her to have "sex" against her will. R. 72-73, 101. The appellant denied committing the offense.
"The nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words."Swint v. State, 455 So.2d 285, 287 (Ala.Cr.App. 1984). See alsoMoran v. State, 557 So.2d 1326, 1327 (Ala.Cr.App. 1989); Parkerv. State, 516 So.2d 859, 862 (Ala.Cr.App. 1987).
Although sexual abuse may be a lesser included offense of rape, Parker v. State, 581 So.2d 1211, 1214-15
(Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991), "[a] charge on the lesser-included offense should not be given when there is no reasonable theory from the evidence to support such a proposition. When the evidence clearly shows the appellant is either guilty of the offense charged, or innocent, the charge on a lesser-included offense is not necessary or proper." Hollins v. State, 415 So.2d 1249, 1253
(Ala.Cr.App. 1982).
 II.
The trial judge properly refused the appellant's requested charge on unlawful imprisonment as a lesser included offense of kidnapping. The appellant argues that "[t]he victim's testimony as to how she and the defendant wound up in her car coupled with the way she said he exited her car later certainly make [unlawful imprisonment] a plausible alternative." Appellant's brief at 9. We reject this argument.
The victim testified that a short time after she had refused the appellant's request for transportation, the appellant opened the passenger door of her car and got in. She testified that he put a hand around her throat and stated: "I have a gun in my pocket and if you don't take me where I want to go, I will blow your fucking head off." R. 65-66. She stated that the appellant forced her to drive to a secluded area, then raped her. The victim testified that during the course of the rape, the appellant pinned her down on the hood of her car with the weight of his body, and that when she tried to resist the appellant grabbed her by the throat and tried to strangle her. R. 71-72. The State's evidence shows beyond any question that the victim was abducted and restrained as those terms are defined in Ala. Code 1975, § 13A-6-40(1) and (2). Here, there was simply no rational basis for a charge on unlawful restraint.
 III.
Contrary to the appellant's assertion, the State presented a prima facie case of robbery in the third degree. Immediately after the rape, the appellant asked the victim if she had any money. The victim replied that she did but she refused to get it for the appellant. The appellant then reached in the back seat of the car, retrieved her purse, and removed $140 from her wallet. At this time, the victim had just been physically and sexually assaulted, had had her life threatened, and was still being held by her assailant against her will inside her own car at a secluded location.
"A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) Uses force against the person of the owner . . . with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner . . . with intent to compel acquiescence to the taking of or escaping with the property." Ala. Code 1975, § 13A-8-43(a). At the time of the taking, the victim had realized that the appellant did not have a gun, although he had previously told her that he did. We note, however, that "the State does not have to prove that the defendant actually had a gun in order to sustain a conviction of first degree robbery." Kent v. State,504 So.2d 373, 376 (Ala.Cr.App. 1987) (emphasis added); Millerv. State, 431 So.2d 586, 592 (Ala.Cr.App. 1983). In this case, the only reasonable conclusion is that "the words and actions of the appellant caused the victim to part unwillingly with [her] property because *Page 147 
of fear of injury to [her] person by the appellant." Watson v.State, 389 So.2d 961, 965 (Ala.Cr.App. 1980), overruled on other grounds, Steeley v. City of Gadsden, 533 So.2d 671
(Ala.Cr.App. 1988). This evidence was clearly sufficient to support the conviction for third degree robbery.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.