PARKER, Justice.
 

 Thomas Walter Warren, Jr., was convicted, following a jury trial, of first-degree robbery and first-degree burglary. He appealed, and the Court of Criminal Appeals reversed his convictions and remanded the case for a new trial on the basis that the trial court erred in refusing to instruct the jury on the lesser-included offense of third-degree robbery.
 
 Warren v. State,
 
 35 So.3d 633 (Ala.Crim.App.2006). We granted the State’s petition for certiorari review to determine whether the Court of Criminal Appeals’ decision conflicts with its decisions in
 
 Saffold v. State,
 
 951 So.2d 777, 780 (Ala.Crim.App.2006), and
 
 Welch v. State,
 
 630 So.2d 145, 146-47 (Ala.Crim.App.1993). We conclude that its decision in this case does conflict with
 
 Saffold
 
 and
 
 Welch,
 
 and we reverse the judgment of the Court of Criminal Appeals.
 

 I. Background
 

 Alma Knox testified that on June 10, 2004, she was in her residence watching an Atlanta Braves baseball game on television. Her 14-year-old grandson was mowing the lawn. The front door of the residence was locked; however, the back door had been left unlocked so that her grandson could come back in. While mowing the lawn, her grandson saw a man
 
 *640
 
 later determined to be Warren walk from the boat shed located on the property to the residence. Knox’s grandson was not concerned because he assumed that Knox knew the man.
 

 Knox testified that she looked up to find Warren standing a few feet away from where she was sitting. Warren then demanded that Knox give him the keys to her automobile and threatened to kill her if she did not comply. Knox said that she responded, “You’re kidding me.” She then testified that Warren raised a large boat anchor he was holding in his right hand. Again, he demanded the keys to the automobile and threatened to kill Knox. Frightened that Warren would hit her with the anchor, Knox got out of her chair and gave Warren the spare keys to her automobile.
 

 Knox then followed Warren into the kitchen, where he demanded money. Knox told Warren that she was widowed and that she did not have any money. According to Knox, while holding the anchor in his hand, Warren took some food, a lighter, and some cigarettes from the kitchen. Before leaving, Warren told Knox that if she telephoned the police, he would return in less than an hour to kill her. He then left in Knox’s 1991 dark blue automobile which had a 150-foot garden hose in the trunk.
 

 Warren’s testimony was quite different. He testified at trial that on June 9, 2004, he had been riding in an automobile with another individual who dropped him off near Knox’s residence. He testified that he slept in the woods that evening, and the next day, assuming that no one was home, he decided to enter Knox’s residence and take the keys to the automobile that was parked outside. When he entered the residence, Warren said, he heard the television. He stopped in the kitchen to take some food and saw Knox sitting in her recliner watching television. He says that he approached Knox and asked if he could have the keys to her automobile. Warren testified that he did not have a weapon and that he did not threaten Knox in any way. According to Warren, he told Knox that he was not there'to hurt her and that he only wanted the keys to her automobile.
 

 Warren testified that Knox got up from her recliner and walked past him to retrieve a set of keys. She handed him the keys, and he left in the automobile. Warren testified that he told Knox that she could retrieve her automobile later that day from the parking lot of the Winn-Dixie grocery store. Warren later wrecked the car as he tried to elude a police vehicle that was pursuing him. He stated that he had traded the garden hose for $10 worth of crack cocaine.
 

 The jury found Warren guilty of first-degree robbery and first-degree burglary. The Court of Criminal Appeals reversed Warren’s conviction, stating that because there was some evidence to support Warren’s claim that he was guilty of only the lesser-included offense of third-degree robbery, the refusal of his requested jury instruction on the lesser-included offense constitutes reversible error. Judge Bas-chab dissented, with an opinion. We granted the State’s petition for the writ of certiorari to determine whether the Court of Criminal Appeals’ decision conflicts with its prior cases or with the cases of this Court.
 

 II. Analysis
 

 This Court reviews legal issues, such as this one, de novo. In
 
 Clark v. State,
 
 896 So.2d 584, 641 (Ala.Crim.App.2000), the Court of Criminal Appeals addressed when it is appropriate to give a jury a charge on a lesser-included offense:
 

 “ ‘A person accused of the greater offense has a right to have the court
 
 *641
 
 charge on lesser included offenses when there is a reasonable theory from the evidence supporting those lesser included offenses.’
 
 MacEwan v. State,
 
 701 So.2d 66, 69 (Ala.Crim.App.1997). An accused has the right to have the jury charged on ‘ “any material hypothesis which the evidence in his favor tends to establish.” ’
 
 Ex parte Stork,
 
 475 So.2d 628, 624 (Ala.1985). ‘[Ejvery accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however[] weak, insufficient, or doubtful in credibility,’
 
 Ex parte Chavers,
 
 361 So.2d 1106, 1107 (Ala.1978), ‘even if the evidence supporting the charge is offered by the State.’
 
 Ex parte Myers,
 
 699 So.2d 1285, 1290-91 (Ala.1997), cert. denied, 522 U.S. 1054, 118 S.Ct. 706, 139 L.Ed.2d 648 (1998). However, ‘[t]he court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.’ § 13A-l-9(b), Ala.Code 1975. ‘The basis of a charge on a lesser-included offense must be derived from the evidence presented at trial and cannot be based on speculation or conjecture.’
 
 Broadnax v. State,
 
 825 So.2d 134, 200 (Ala.Crim.App.2000), aff'd, 825 So.2d 233 (Ala.2001), cert. denied, 536 U.S. 964, 122 S.Ct. 2675, 153 L.Ed.2d 847 (2002). ‘ “A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury.” ’
 
 Williams v. State,
 
 675 So.2d 537, 540-41 (Ala.Crim.App.1996), quoting
 
 Anderson v. State,
 
 507 So.2d 580, 582 (Ala.Crim.App.1987).”
 

 Robbery in the first degree is defined in § 13A-8-41, Ala.Code 1975, as follows:
 

 “(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 

 “(1) Is armed with a deadly weapon or dangerous instrument ....”
 

 Robbery in the third degree is defined in § 13A-8-43, Ala.Code 1975, as follows:
 

 “(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 

 “(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 

 “(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
 

 The definitions contained in § 13A-8-1, Ala.Code 1975, are applicable to §§ 13A-8-41 and 13A-8-43, the statutes defining the offenses of robbery in the first degree and robbery in the third degree, respectively. Those definitions were applied in
 
 Saffold v. State,
 
 supra, a case the State contends conflicts with the decision of the Court of Criminal Appeals here:
 

 “Section 13A-8-l(13), Ala.Code 1975, which is applicable to § 13A-8-43, see § 13A-8-40(a), Ala.Code 1975, defines ‘threat’ in part as ‘[a] menace, however communicated, to ... [clause physical harm to the person threatened or to any other person.’ ‘Menace’ is defined in the
 
 Compact Oxford English Dictionary
 
 1062 (2d ed.1994) in part as ‘[a] declaration or indication of hostile intention, or of a probable evil or catastrophe’;
 
 Mer-nam-Webster’s Collegiate Dictionary
 
 774 (11th ed.2003) defines ‘menace’ in
 
 *642
 
 part as ‘a show of intention to inflict harm.’ ”
 

 Saffold v. State,
 
 951 So.2d at 780 (emphasis omitted).
 

 In
 
 Welch v. State,
 
 supra, a case which the State also contends conflicts with the Court of Criminal Appeals’ holding here, the Court of Criminal Appeals stated:
 

 “ ‘A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) Uses force against the person of the owner ... with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner ... with intent to compel acquiescence to the taking of or escaping with the property.’ Ala.Code 1975, § 13A-8-43(a). At the time of the taking, the victim had realized that the appellant did not have a gun, although he had previously told her that he did. We note, however, that ‘the State does not have to prove that the defendant actually had a gun in order to sustain a conviction of
 
 first
 
 degree robbery.’
 
 Kent v. State,
 
 504 So.2d 373, 376 (Ala.Cr.App.1987) (emphasis added);
 
 Miller v. State,
 
 431 So.2d 586, 592 (Ala.Cr.App.1983). In this case, the only reasonable conclusion is that ‘the words and actions of the appellant caused the victim to part unwillingly with [her] property because of fear of injury to [her] person by the appellant.’
 
 Watson v. State,
 
 389 So.2d 961, 965 (Ala.Cr.App.1980), overruled on other grounds,
 
 Steeley v. City of Gadsden,
 
 533 So.2d 671 (Ala.Cr.App.1988). This evidence was clearly sufficient to support the conviction for
 
 third
 
 degree robbery.”
 

 630 So.2d at 146-47.
 

 The per curiam opinion of the Court of Criminal Appeals states:
 

 “In the instant case, the jury heard evidence that arguably supported the lesser-included offense of third-degree robbery. Warren testified at trial that
 
 he did not threaten
 
 Knox. He also testified that
 
 he was not amed with a boat anchor.
 
 This evidence went toward rebutting the presumption that Warren was armed and created a question of fact for the jury as to whether he should be convicted of first-degree robbery or the lesser-included offense of third-degree robbery.”
 

 35 So.3d at 636-37 (emphasis added).
 

 In
 
 Ex parte Hannah,
 
 527 So.2d 675, 677 (Ala.1988), this Court stated:
 

 “As
 
 [Chavers v. State,
 
 361 So.2d 1106 (Ala.1978),] holds, a court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind ‘that there is no evidence tending to bring the offense within the definition of the lesser offense.’ ”
 

 In
 
 Ex parte Hannah,
 
 this Court found that the defendant presented evidence at trial denying that a robbery of any kind had occurred and that in order for the jury to reach the conclusion that the lesser offense of robbery in the second degree had occurred, it would have had to presume that witnesses for both the petitioner and for the prosecution were lying. 527 So.2d at 677.
 

 “It logically follows, we think, that where the evidence permits no reasonable conclusion other than that defendant is guilty of robbery in the first degree as expressly charged or not guilty of any offense whatever, charges as to robbery in the second or robbery in the third degree should not be given. The trial court was correct in limiting its oral charge accordingly.”
 

 Richburg v. State,
 
 416 So.2d 1079, 1082 (Ala.Crim.App.1982).
 

 If Warren’s entire testimony was to be believed, then he would not be guilty of
 
 *643
 
 any kind of robbery because he neither had a weapon nor made a threat. The only way the jury could convict Warren of third-degree robbery was if the jury believed that both Knox and Warren had lied and then cobble together various elements of their contrasting testimony to reach a compromise verdict. In other words, a conviction for third-degree robbery would require the jury to believe the victim’s testimony that Warren threatened her and disbelieve his testimony that he did not threaten her, and to disbelieve her testimony that he had an anchor and believe his testimony that he did not. This very closely resembles the scenario in
 
 Ex parte Hannah.
 

 An instruction on third-degree robbery was not required under the facts here. The trial court did not err when it failed to instruct the jury on the lesser-included offense of robbery in the third degree.
 

 III. Conclusion
 

 We, therefore, reverse the judgment of the Court of Criminal Appeals on the ground that an instruction on third-degree robbery as a lesser offense included within the offense of first-degree robbery was not required, and we remand this case to that court for proceedings consistent this opinion.
 

 REVERSED AND REMANDED.
 

 SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ, concur.
 

 COBB, C.J., recuses herself.