JOINER, Judge,
concurring in part and dissenting in part.
Although I agree that the trial court did not err in denying James Crews’s motion for a mistrial, I disagree with the majority’s decision to remand this case for resen-tencing; therefore, I dissent as to that aspect of the main opinion.
As the main opinion notes, Crews, during sentencing, stated: “I ain’t never had no felonies ‘til I got to Alabama.” By openly admitting to having at least one prior felony conviction, Crews relieved the State of the burden of proving the prior conviction.[6] See Nix v. State, 747 So.2d 351, 357 (Ala.Crim.App.1999) (“‘The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant’s sentence under the-Habitual Offender Act.’ ” (quoting Daniel v. State, 623 So.2d 438, 441 (Ala.Crim.App. 1993))); see also Donahay v. State, 287 Ala. 716, 719, 255 So.2d 599, 601 (1971) (“[Tjhere is a difference between there being a deficiency in the required preliminary proof as a foundation for the introduction of a certified copy of a record of conviction, as where the record is silent as to the presence of legal counsel, and an admission by 'the defendant of the fact of his prior conviction.”). Accordingly, there is no merit to Crews’s contention that his sentence was improper because the State failed to introduce certified copies of his prior conviction, and, thus, I would not disturb Crews’s sentence on appeal.

. Additionally, attached to his motion to supplement the record, Crews included a signed plea agreement from the Etowah Circuit Court indicating that he had pleaded guilty to multiple counts" of unlawful distribution of a controlled substance and unlawful possession of a controlled substance. Therefore, remanding this case for resentencing is, in my opinion, a waste of scarce judicial resources.