Rickey Joe Thomas was convicted of third degree burglary in February of 1981. Prior to sentencing, the State gave notice that it sought to have Thomas sentenced as a habitual offender, pursuant to Code 1975, § 13A-5-9 (Habitual Offender Act), and, at sentencing, introduced evidence of one previous felony conviction of 2nd degree burglary and one previous "youthful offender" adjudication, both of which were admitted by the trial court. The trial court sentenced Thomas to ten years in the state penitentiary, but did not indicate the basis for its determination of the term of the sentence imposed. The Court of Criminal Appeals affirmed and this Court granted the petition for writ of certiorari.
On appeal, Thomas contends that the sentence imposed by the trial court was erroneous because it was based upon the court's erroneous admission and consideration of his prior adjudication as a youthful offender in sentencing him under the Habitual Offender Act.
Section 13A-5-9, commonly referred to as the Habitual Offender Act, provides, in part:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class B felony;
". . .
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class A felony;"
The Youthful Offender Act (§ 15-19-1, et seq.) provides that a minor[1] charged with certain crimes may be adjudged a youthful offender and, as such, not be subject to trial for those crimes as an adult.
Thomas specifically calls this Court's attention to that portion of § 15-19-7, which states that a youthful offender determination "shall not be deemed a conviction of a crime." He charges that after admitting the State's proffered evidence of his youthful offender adjudication, the trial court used that youthful offender determination as a previous felony conviction, as contemplated by the Habitual Offender Act, and erroneously sentenced him under subsection (b)(1) of § 13A-5-9
to ten years in the state penitentiary.
The State concedes that the ten-year sentence falls within the 10-99 year range of subsection (b)(1) (conviction of a Class C felony with two prior felony convictions), but points out that a ten-year sentence is also permissible under the subsection (a)(1) *Page 1326 
(conviction of a Class C felony with one previous felony conviction) range of 2-20 years. Furthermore, we note that the possible sentence for a conviction for third degree burglary, notwithstanding the Habitual Offender Act, is 1-10 years in the state penitentiary.
The peculiar circumstances of the instant case could lend support to a finding that Thomas's ten-year sentence was imposed under any of the three alternatives discussed above. We agree, however, with the dissent filed by Judge Bowen, who wrote: "Merely because the defendant could have been sentenced to ten years does not mean he would have been if the trial judge had not considered the youthful offender conviction. Harmless error cannot be based on such possibilities. Saltzburg, The Harm of Harmless Error, 59 Va.L.Rev. 988 (Sept. 1973)."
Ordinarily, trial judges are not required to make findings of fact. Where, however, as in the instant case, various sentence ranges overlap (i.e., the sentences which would apply to a defendant as a habitual offender with and without the youthful offender adjudication overlap the sentence applicable notwithstanding prior felonies), we believe the trial court's order of sentence should clearly indicate whether the court invoked the Habitual Offender Act in arriving at the sentence imposed. This being done, the basis of the trial court's sentencing order need not be questioned on appeal, nor need its propriety rest upon speculation.
The State calls our attention to further language found in §15-19-7 which states that if a youthful offender "is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered." We hold that a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted. That same youthful offender determination, however, may not be considered a prior felony conviction, as contemplated by the Habitual Offender Act, so as to bring the defendant within the purview of the higher sentence categories of that Act.
The judgment of the Court of Criminal Appeals,435 So.2d 1319, is reversed; the cause is remanded for an order reversing the judgment of sentence and remanding the cause for a sentencing hearing and judgment of sentence consistent with this holding.
REVERSED AND REMANDED.
All the Justices concur.
[1] "Minors," as contemplated by the Act, does not include those whose offenses are disposed of in juvenile court. See, also, §26-1-1, which exempts the Youthful Offender Act from its provisions lowering the age of majority to 19 years.