ON REHEARING
PATTERSON, Judge.
On February 4, 1988, appellant pleaded guilty to three counts of second degree robbery. After determining that appellant had knowingly and voluntarily waived his right to a jury trial, the trial court sentenced him, as a habitual offender, to three concurrent life terms. He did not appeal these convictions. Appellant filed the instant Rule 20 petition with the trial court on February 28, 1990, raising several grounds for relief, including ineffectiveness of counsel. A.R.Crim.P.Temp. 20. He claims that his counsel was ineffective for allowing the trial court to illegally sentence him as a habitual offender by using three youthful offender convictions, which cannot be so used. See Pickens v. State, 475 So.2d 637, 639 (Ala.Cr.App.1985). The trial court denied the petition.
On appeal, this court dismissed the petition without an opinion, as being untimely filed. Dean v. State, 572 So.2d 887 (Ala. Cr.App.1990). However, in his petition for rehearing, appellant proved that his appeal was, in fact, timely filed. We, therefore, now consider his petition on the merits. In doing so, we find that all of his issues are procedurally barred under A.R.Crim.P. Temp. 20.2(a)(3) and (5), except for his claim of ineffective counsel as to his sentencing under Rule 20.1(b). As to this claim, we find the petition to be facially meritorious. The state, in its answer, alluded to the ineffectiveness of counsel claim, but did not directly address the issue raised. Appellant is entitled to an eviden-tiary hearing on his claim that his counsel *891 was constitutionally ineffective for allowing his sentences to be enhanced by youthful offender convictions. We grant appellant’s application for rehearing, reinstate his appeal, reverse the decision of the lower court dismissing the petition, and remand this cause for an evidentiary hearing on the ineffective assistance of counsel claim. Due return is to made to this court within 90 days.
APPLICATION FOR REHEARING GRANTED; APPEAL REINSTATED; REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.