On original submission of Johnny Lee Hardy's appeal from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition, we remanded this case for further proceedings. It is after these further proceedings that we review the circuit court's ruling.
In his petition, Hardy contests one of his two 1994 convictions for distribution of cocaine and his resulting two concurrent sentences, imposed pursuant to the Habitual Felony Offender Act, of imprisonment for life plus five years for each conviction. More specifically, in his petition, Hardy contends (1) that his counsel was ineffective for allegedly failing to object to the state's failure to give him notice that his sentences would be enhanced under the Habitual Felony Offender Act, for allegedly failing to investigate the prior felony convictions used to enhance his sentences,[1] and for failing to object to the allegedly illegal sentences; (2) that his sentences are illegal because, he says, they exceed the maximum authorized by statute; and (3) that he was "denied equal protection of the law in violation of due process" because, he says, he was given no notice that his earlier convictions would be used to enhance *Page 493 
his sentences. After the state argued an issue in its response to Hardy's petition that hardy had not raised, Hardy raised that issue: whether his plea of guilty in case CC-93-4809 was voluntary. He specifically alleges that he was not advised of the correct range of punishment before pleading guilty.
In the circuit court's return to remand, the court made the following findings: (1) the judge who presided over the Rule 32 proceeding presided over Hardy's trial, guilty plea proceeding, and sentencing proceeding; (2) based on his observations of trial counsel's performance at trial and during the sentencing process, he concluded that counsel's performance was not deficient and that Hardy was not prejudiced by counsel's performance; (3) as evidenced by the transcript of the sentencing proceeding, Hardy had notice prior to his sentencing that the prosecution intended to pursue enhancement of Hardy's sentence under the Habitual Felony Offender Act; (4) as evidenced by the certified copies of Hardy's three priorfelony convictions, Hardy's sentence of life imprisonment plus five years for each conviction was proper; and (5) as evidenced by Exhibit A, the trial court properly advised Hardy that the only sentence that he could receive was life imprisonment.
We find Hardy's allegation that the circuit court erroneously held that defense counsel had been given notice prior to the sentencing hearing of the prosecution's intent to proceed under the Habitual Felony Offender Act to be without merit. The transcript of Hardy's sentencing for the two convictions shows that, at sentencing, defense counsel stated, "We did receive notice prior to the trial that the State was treating Mr. Hardy as a Habitual Offender." The transcript of a preliminary proceeding shows that defense counsel was aware that Hardy had two prior offenses for selling contraband and one for receiving stolen property.
We also find to be without merit Hardy's claim that the circuit court did not properly address his allegation that his trial counsel was ineffective for failing to object to the use, for enhancement purposes, of an alleged prior youthful offender adjudication. The transcript of Hardy's sentencing shows that Hardy's defense counsel objected to the use of his 1970 conviction on the ground that Hardy was 17 at the time and that he, therefore, should have been treated as a youthful offender, but counsel also noted that youthful offender status was not available in 1970. The judgment entry of the prior conviction in question shows that it was for the felony offense of receiving stolen property and that Hardy was sentenced to imprisonment for one year and one day, which sentence was suspended, and he was placed on probation for three years. We note that because Hardy has failed to prove that this conviction was in fact a youthful offender adjudication, any claim of ineffective counsel based on counsel's failure to object to the prosecution's alleged failure to give notice of the prior felony convictions to be used for enhancement is without merit because Hardy cannot establish prejudice.
In regard to the issue of the voluntariness of Hardy's plea in Case CC-93-4809, particularly the allegation that he was not advised of the correct range of punishment before pleading guilty, the circuit court refers to the transcript of the sentencing. However, as Hardy points out, the sentencing occurred a month after he entered his guilty plea. The transcript of that hearing shows the following:
 "THE COURT: Well, the Court has no authority [to impose any sentence] but a life sentence.
 MR. CHAMBLEE [defense counsel]: "I have explained that to Mr. Hardy . . . ."
". . . .
 "THE COURT: Well, you understand that the Court has no choice but to sentence you for a Class B Felony, which distribution is, and three prior felony convictions makes it a life sentence. That is the minimum sentence I can impose. Do you understand that?
 "THE DEFENDANT: No, I don't, because I keep seeing other guys . . ., a guy with more priors than I have, keep getting fifteen year sentences . . . ."
Based on the foregoing, we are constrained to hold that Exhibit A, upon which the circuit *Page 494 
court relies, does not support the court's finding that Hardy was advised prior to pleading guilty that the only sentence he could receive was life imprisonment. We note that because Hardy dismissed his appeal of his conviction before the reporter's transcript was filed with this court, we do not have the benefit of a transcript of his guilty plea proceeding. Accordingly, we must remand this cause on this narrow question: whether Hardy was advised before pleading guilty that the only sentence possible was life imprisonment. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
[1] Hardy alleges that he was prejudiced because one of the three convictions used to enhance his sentences is a youthful offender adjudication, which clearly is not permitted to be used for enhancement purposes. See Ex parte Thomas,435 So.2d 1324 (Ala. 1982).
* Note from the reporter of decisions: On September 27, 1996, on return to second remand, the Court of Criminal Appeals affirmed, without opinion. On November 1, 1996, that court denied rehearing, without opinion. On December 2, 1996, the Supreme Court, struck the certiorari petition, without opinion (1960285).