James McClintock appeals from the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief.
In June 1987, McClintock was convicted of first-degree escape, a Class B felony. See § 13A-10-31(b), Ala. Code 1975. He was sentenced, as a habitual offender with three prior felony convictions, to life imprisonment. See § 13A-5-9(c), Ala. Code 1975 ("In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: . . . (2) On conviction of a Class B felony, he must be punished for life in the penitentiary."). At McClintock's sentencing hearing, the circuit court considered the following prior convictions when enhancing his sentence under the Habitual Felony Offender Act: (1) a 1976 conviction in Shelby County for second-degree burglary; (2) a 1980 conviction in the State of Washington for first-degree robbery; and (3) a 1986 conviction in Jefferson County for the sale of a controlled substance.[1]
In his Rule 32 petition, which was filed on June 24, 1999, McClintock claimed that his life sentence for first-degree escape was illegal because, he said, one of the convictions that was used to enhance his sentence, specifically, his 1986 conviction in Jefferson County for the sale of a controlled substance, case no. CC-85-2744, had been set aside in January 1989. On October 12, 1999, the circuit court entered an order summarily dismissing McClintock's petition, stating as grounds that McClintock had raised this same claim in a prior postconviction petition, filed in February 1989, and that, therefore, *Page 1059 
his present petition was successive under Rule 32.2(b), Ala.R.Crim.P.
The record reflects the McClintock's first postconviction petition was summarily dismissed by an order of the circuit court entered in April 1989. In that order, the circuit found that although McClintock's conviction in case no. CC-85-2744 had been, as McClintock alleged, set aside in January 1989, it was unnecessary to resentence McClintock because, the circuit court reasoned, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies. See §13A-5-9(b), Ala. Code 1975 ("In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: . . . (2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.")
"`"[A] conviction that has been set aside or reversed may not be used to enhance [a] penalty."'" Prock v. State, 471 So.2d 519,521 (Ala.Cr.App. 1985) (quoting 24B C.J.S. Criminal Law § 1960(6) (1962))." Crenshaw v. State, 740 So.2d 478, 479 (Ala.Cr.App. 1998). Because McClintock's conviction in case no. CC-85-2744 was set aside in January 1989, McClintock was entitled to be resentenced for his first-degree escape conviction, with the circuit court considering only two prior felony convictions (i.e., the 1976 conviction in Shelby County for second-degree burglary and the 1980 conviction in Washington for first-degree robbery) for enhancement purposes under the Habitual Felony Offender Act. However, the circuit court's April 1989 order, which indicated merely that McClintock's life sentence was within the authorized statutory range, fails to establish that McClintock was properly resentenced using two prior felony convictions, rather than three, for enhancement. Because McClintock has not received a sentencing hearing at which only two prior felony convictions were considered for enhancement purposes, his sentence is illegal. Therefore, the claim in his present Rule 32 petition is not (as the circuit court found in its October 12, 1999, order of dismissal) subject to the procedural bar of Rule 32.2(b), Ala.R.Crim.P. See Jones v. State,724 So.2d 75, 76 (Ala.Cr.App. 1998).
Under § 13A-5-9(c)(2), Ala. Code 1975, a sentence of life imprisonment is mandatory upon conviction of a Class B felony where three prior felony convictions have been proven. However, under § 13A-5-9(b)(2), Ala. Code 1975, a broad range of possible sentences may be imposed upon conviction of a Class B felony where only two prior felony convictions have been proven. Notwithstanding the fact that, as the circuit court indicated in its April 1989 order, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies, fundamental fairness requires that this cause be remanded for a new sentencing hearing, so that it may be established with certainty that the circuit court has exercised the discretion allowed it under § 13A-5-9(b)(2) in imposing McClintock's sentence. See Pickens v. State, 475 So.2d 637, 640 (Ala.Cr.App. 1985). Accordingly, this cause is remanded with directions for the circuit court to conduct a new sentencing hearing in accordance with this opinion. The circuit court may impose a sentence within the statutory range set forth in § 13A-5-9(b)(2), Ala. Code 1975. The circuit court should specifically state that it is resentencing McClintock without considering his conviction in case no. CC-85-2744. The circuit court should also ensure that a transcript of the proceedings is included with the return to remand and shall take all action in sufficient time to permit the circuit clerk to make a proper return *Page 1060 
to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On June 23, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] McClintock also had a fourth prior felony conviction, which the State was required to prove in order to convict McClintock of first-degree escape. See § 13A-10-31(a)(2), Ala. Code 1975. However, that conviction could not be, and was not, used for purposes of enhancing McClintock's sentence under the Habitual Felony Offender Act. See, e.g., Ringer v. State, 501 So.2d 493,494 (Ala.Cr.App. 1986).