On February 8, 2001, Fredrick Ladon Grier executed a written explanation of rights and a plea of guilty and was convicted of unlawful possession of cocaine, a violation of § 13A-12-212, Ala. Code 1975. On April 10, 2001, the trial judge sentenced Grier, pursuant to the Habitual Felony Offender Act ("HFOA"), to five years in the state penitentiary; that sentence was split and he was ordered to serve one year and one day in the penitentiary followed by three years' probation. The trial judge further ordered Grier to pay a fine of $500, $350 to the Victims' Compensation Fund, court costs, and $2,000 to the Mandatory Drug Assessment Fund. On April 16, 2001, Grier filed a written notice of appeal. On May 21, 2001, Grier filed a motion to set aside his guilty plea, which was denied on May 27, 2001.
 I.
First, Grier argues that he should have been allowed to withdraw his guilty plea because, he claims, he did not enter into it knowingly, intelligently, or voluntarily. Grier was sentenced on April 10, 2001. Grier filed a motion to withdraw his guilty plea on May 21, 2001. A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial, and must be filed within 30 days after the entry of the judgment or the imposition of sentence. Wallace v. State, 701 So.2d 829,830 (Ala.Crim.App. 1997). Grier's motion to withdraw his guilty plea was filed more than 30 days after sentencing. Therefore, this issue has not been preserved for appellate review.
Moreover, the record reflects that the plea colloquy complied with the requirements of Rule 14.4, Ala.R.Crim.P., and Boykin v. Alabama,395 U.S. 238 (1969). The record shows that Grier's guilty plea was made knowingly, intelligently, and voluntarily, and that the court had a sufficient factual basis on which to accept the guilty plea. See Speignerv. State, 663 So.2d 1024 (Ala.Crim.App. 1994). The standard of review this Court uses to review the trial court's ruling on a motion to withdraw a guilty plea is an abuse-of-discretion standard, i.e., did the trial court abuse its discretion in denying the motion to withdraw? SeeSpeigner v. State, 663 So.2d at 1028. We find no abuse of discretion here.
 II.
Second, Grier argues that the HFOA should not have been applied in his case, because, he says, the State did not properly *Page 875 
prove his prior conviction for purposes of applying the HFOA.
Rule 26.6(3)(iii), Ala.R.Crim.P., provides that, for the HFOA to apply, the State must prove, beyond a reasonable doubt, the existence of a previous felony conviction.
On February 6, 2001, the State filed a written notice of Grier's May 24, 1996, conviction and sentence of five years in case number CC-96-144-UPCS, in Early County, Georgia, and notice of the State's intent to use that conviction for both impeachment purposes and to proceed under the HFOA. At the sentencing hearing, counsel for Grier stated, "I see in the probation report, Judge, that there is obviously a prior conviction. But the issue of the question is whether or not Mr. Grier received youthful offender status in Georgia." (R. 12.) After reviewing only the Georgia indictment, the trial judge ruled that Grier had not been treated as a youthful offender in the Georgia conviction. (R. 13-14.)
An admission by a defendant is sufficient proof of a prior conviction for sentencing the defendant under the HFOA. Fincher v. State,724 So.2d 87, 88 (Ala.Crim.App. 1998). However, a youthful offender adjudication cannot be used to enhance a sentence under the HFOA. See ExParte Thomas, 435 So.2d 1324 (Ala. 1982). Therefore, because defense counsel stated that the prior conviction might have been a youthful offender adjudication, the State was not relieved of its burden of proving the prior felony to enhance Grier's sentence under the HFOA. In the absence of an admission, proof of prior convictions under the HFOA is achieved by introducing certified copies of documentation showing that the defendant had either pleaded or been adjudicated guilty and that he was represented by an attorney. See Reed v. State, 691 So.2d 463
(Ala.Crim.App. 1996).
We are unable to determine whether the State offered proper proof of Grier's previous conviction. The record contains no pre- sentence investigation report or judgment of conviction, only an indictment. Therefore, we remand this cause for a determination by the trial court as to whether Grier was properly sentenced. The trial court is directed to hold a hearing, at which the State shall have the opportunity to submit to the court proper evidence indicating that Grier had a prior felony conviction as an adult. Otherwise, the trial court shall resentence Grier without application of the HFOA.
We note, furthermore, that § 13A-12-290, Ala. Code 1975, states, in pertinent part "[i]n addition to any other penalty provided by law, the Department of Public Safety shall suspend for a period of six months the driver's license of any person, . . . convicted of or adjudicated of . . . the crimes specified in Section 13A-12-291." Section 13A-12-291(5) includes unlawful distribution of controlled substances under §13A-12-212. A review of the record indicates that this penalty was not imposed.
This cause is remanded to the trial court with directions for that court to ensure that the mandatory penalty pursuant to § 13A-12-290, Ala. Code 1975, is imposed, and to conduct the necessary sentencing hearing. A return to remand shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include a transcript of the proceedings conducted by the trial court.
 AFFIRMED IN PART AND REMANDED *Page 876 
WITH DIRECTIONS.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.