McMILLAN, Presiding Judge.
The appellant, James Mitchell King, filed a Rule 32, Ala. R.Crim. P., petition, attacking his 1982 murder conviction. King was sentenced, as a habitual offender with three prior felony convictions, to life imprisonment without parole.
In his petition, King argued that the indictment against him was void because, he says, it failed to allege all elements of the offense of murder and that his sentence of life imprisonment without parole exceeded the maximum authorized by law. During a hearing conducted by the trial court, King argued, through retained counsel, that he had been improperly sentenced as a habitual offender with three prior felony convictions. He contended that the State was able to produce certified copies of only two prior convictions and that, therefore, he should properly have been sentenced to life imprisonment. The trial court summarily denied King’s petition; this appeal followed.
On appeal, King argues only that the trial court improperly sentenced him to life imprisonment without parole. He is therefore deemed to have abandoned the issue concerning his indictment, and this Court will not address it. Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).
However, it appears from the record that King’s argument that he was improperly sentenced as a habitual offender with three prior felony convictions may have merit. Defense counsel contended that King’s sentence was improper because he had only two prior convictions, and during the hearing, the State was only able to produce evidence of two prior convictions. The prosecutor argued that the third conviction must have been from another circuit, and because she did not know that King planned on raising this specific ground, she was not prepared to produce evidence of all three prior convictions. Defense counsel argued that the issue was jurisdictional and therefore could be raised at any time. The trial court then ordered *106 King to amend his petition to include this ground, and that the trial court would then rule on the petition. However, nothing further appears in the record concerning this matter. Accordingly, this ease is remanded to the Baldwin Circuit Court for that court to determine whether King had two or three prior felony convictions at the time of his sentencing. See McClintock v. State, 773 So.2d 1057 (Ala.Crim.App.2000) (claim of illegal sentence due to improper number of prior convictions considered for Habitual Felony Offender Act was not procedurally barred). See also Dobbins v. State, 716 So.2d 231 (Ala.Crim.App.1997). If King’s contention that he was improperly sentenced is correct, the circuit court is directed to resentence him within the proper guidelines. Due return shall be made to this Court within 49 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 22, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.