SEE, Justice.
This Court issued the writ of certiorari to review George Randall Batey’s claim asserted in his Rule 32, Ala. R.Crim. P., petition that the trial court used more prior felony convictions than he actually has to enhance his sentence under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”).[1] However, *340 Batey’s arguments in his briefs to this Court largely ignore the issue and focus instead on an argument that the State failed to prove his prior felony convictions the trial court used to enhance his sentence. Because this argument is not jurisdictional and was not raised at trial or on appeal, it is barred by Rule 32.2, Ala. R.Crim. P., and we affirm the judgment of the Court of Criminal Appeals affirming the trial court’s denial of Batey’s Rule 32 petition.

Facts and Procedural History

In 1996, Batey was convicted in the Winston Circuit Court of first-degree sodomy and was sentenced, as a habitual offender, to life imprisonment without the possibility of parole pursuant to the HFOA. In its order sentencing Batey, the trial court stated that “the [SJtate introduced evidence of three or more prior felony convictions. The court asked [Batey] if there were any objections to this evidence, to which [Batey’s] attorney replied: ‘No sir.’ ” Batey appealed; the Court of Criminal Appeals affirmed Batey’s conviction and sentence on direct appeal in an unpublished memorandum. Batey v. State (No. CR-96-0379), 725 So.2d 1078 (Ala.Crim.App.1997) (table).
In January 2005, Batey filed a Rule 32 petition in the Winston Circuit Court, which he amended in February 2005. In the amendment he argued for the first time that the State had failed to prove the prior felony convictions used to enhance his sentence under the HFOA. The trial court denied the petition, and the Court of Criminal Appeals, in an unpublished memorandum, affirmed its decision. Batey v. State (No. CR-04-2534, March 17, 2006), — So.2d - (Ala.Crim.App.2006) (table). Batey petitioned this Court for the writ of certiorari, and we issued the writ to address one ground raised by Batey’s petition. We address Batey’s argument that the State failed to prove the prior felony convictions the trial court used in sentencing him under the HFOA. He argued that the holding in the Court of Criminal Appeals’ unpublished memorandum that his argument was procedurally barred by Rule 32, Ala. R.Crim. P., conflicted with that court’s decisions in McClintock v. State, 773 So.2d 1057 (Ala.Crim.App.2000), and King v. State, 871 So.2d 105 (Ala.Crim.App.2003); in both those cases, the Court of Criminal Appeals held that the defendant was entitled to be resentenced upon proof that one of the prior convictions the trial court had used to enhance his sentence under the HFOA had been set aside.

Standard of Review

The issue in this case is whether Batey’s challenge to the State’s evidence of his prior convictions is procedurally barred by Rule 32.2, Ala. R.Crim. P., because it was first raised in his Rule 32 petition. We review a question of law in a criminal case de novo. Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003).
Analysis
Rule 32.1, Ala. R.Crim. P., lists the grounds on which a convicted defendant may petition for postconviction remedies. One such ground is that the trial court “was without jurisdiction to render judgment or to impose sentence.” Rule 32.1(b), Ala. R.Crim. P. Another is that “[t]he sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.” Rule 32.1(c), Ala. R.Crim. P!
*341 With one exception, postconviction relief is precluded for a claim that could have been, but was not, raised at trial or on appeal. The exception is that a petition alleging that the trial court lacked jurisdiction to render judgment or to impose sentence may be brought at any time, regardless of whether the jurisdiction issue was raised during trial or on direct appeal. Rule 32.2, Ala. R.Crim. P. Alabama courts have applied this exception to allegations of illegal sentencing, holding that “a challenge to an illegal sentence is jurisdictional and can be raised at any time.” Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004). See also Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989) (“[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.”).
In his petition for the writ of certiorari, Batey argues that the Court of Criminal Appeals’ unpublished memorandum affirming the trial court’s summary denial of his Rule 32 petition conflicts with that court’s decisions in McClintock and King. Those cases addressed the use of a felony conviction that had been set aside to enhance a defendant’s sentence under the HFOA. As noted, Batey’s argument is not that his sentence was enhanced by the use of a vacated conviction. As McClintock and King demonstrate, such an argument implicates the legality of the sentence imposed under the HFOA. His argument is that the State failed to adequately prove the prior convictions used to enhance his sentence under the HFOA. In response to this argument, the Court of Criminal Appeals’ unpublished memorandum states that the State’s “alleged failure to adequately prove prior felony convictions used for sentence enhancement is not a jurisdictional issue and is, therefore, subject to the procedural bars in Rule 32.2.” The Court of Criminal Appeals cited several cases for this holding, including Franks v. State, 819 So.2d 106 (Ala.Crim.App.2001); Johnson v. State, 675 So.2d 85, 87 (Ala.Crim.App.1995); Nichols v. State, 629 So.2d 51, 57-58 (Ala.Crim.App.1993); and Harrell v. State, 555 So.2d 257, 262 (Ala.Crim.App.1989).
On certiorari review, the State asserts that cases such as McClintock and King are “occasional anomalous decision[s]” that result from the courts’ “broad definition of ‘jurisdiction.’ ” State’s brief at 7. The State further argues that, even if it failed to prove Batey’s prior convictions, the issue is not in fact a jurisdictional issue and that the sentence Batey is challenging is not an “illegal sentence.” We agree.
The State is correct that the failure to prove a prior conviction is not a jurisdictional matter; therefore, consideration of that issue in a Rule 32 petition is precluded. See Hale v. State, 848 So.2d 224, 231 (Ala.2002) (“ ‘The failure to object in the trial court to the State’s method of proving or failure to prove prior convictions precludes consideration of that issue on appeal.’ ” (quoting Nichols v. State, 629 So.2d at 57-58)); Nix v. State, 747 So.2d 351, 356 (Ala.Crim.App.1999) (holding that a defendant’s claim that the State “did not sufficiently prove the prior convictions for purposes of enhancing his sentence” was “not preserved for ... review” because the defendant had not objected at trial). Because the failure to prove a prior conviction is not a jurisdictional issue, any argument that the State failed to prove Batey’s prior convictions is precluded by Rule 32.2 because Batey did not object to the introduction at trial of evidence of the convictions or raise that issue on direct appeal.
A challenge to an illegal sentence, however, is a jurisdictional matter that can be raised at any time. Ginn, 894 So.2d at *342 796. See also Ex parte Chambers, 522 So.2d 313 (Ala.1987) (holding that a defendant was not procedurally barred from arguing that a trial court applied an illegal sentence when it enhanced his sentence for a felony drug conviction under the HFOA even though the HFOA did not apply to drug offenses); Ex parte Brannon, supra (applying the holding in Chambers); City of Birmingham v. Perry, 41 Ala.App. 173, 175, 125 So.2d 279, 282 (1960) (holding that it was “apparent on the face of the proceedings” that a trial court had “exceeded its power and jurisdiction in assessing punishment at hard labor instead of imprisonment as provided by statute”); Rogers v. State, 728 So.2d 690, 691 (Ala.Crim.App.1998) (holding that the trial court erred by not considering the defendant’s argument that his sentence exceeded the statutory limit and stating: “an allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void”); J.N.J. v. State, 690 So.2d 519, 521 (Ala.Crim.App.1996) (“The 5-year probationary period included as part of the appellant’s sentence exceeds that allowed by the Youthful Offender Act.”); and Carter v. State, 853 So.2d 1040 (Ala.Crim.App.2002) (holding that the allegation that a trial court used a misdemean- or conviction instead of a felony conviction to enhance a sentence under the HFOA is a claim that the sentence is illegal and is therefore not procedurally barred).[2]
In McClintock, the trial court had considered three prior felony convictions in enhancing McClintock’s sentence under the HFOA. However, one of McClintock’s prior convictions had been set aside. Therefore, the Court of Criminal Appeals held that McClintock was “entitled to be resentenced” using “only two prior felony convictions ... for enhancement purposes” instead of three. 773 So.2d at 1059. Otherwise, McClintock’s sentence would have exceeded the statutory limits set out in the HFOA.
In King, King argued that his sentence had been improperly enhanced on the basis of three prior felony convictions, when the State had been able to produce evidence of only two prior convictions. The Court of Criminal Appeals remanded the case to the trial court to determine whether King had been properly sentenced and directed the trial court to resentence him if the sentence were incorrect. In remanding the case for a factual finding regarding the number of prior felony convictions King had, the Court of Criminal Appeals cited McClintock, describing the holding in that case in the following parenthetical: “(claim of illegal sentence due to improper number of prior convictions considered for Habitual Felony Offender Act was not procedurally barred).” 871 So.2d at 106.
The defendant in McClintock had argued that his sentence exceeded the statutory maximum and was therefore illegal. It appears, however, that the defendant in *343 King had argued, at least in part, that the State had failed to prove one of his prior convictions.
As we have noted previously, Alabama courts have held that the State’s failure to prove a prior conviction is not a jurisdictional matter, and therefore a claim to that effect in a Rule 32 petition is procedurally barred if it is not raised at trial or on appeal. An illegal sentence, on the other hand, is a jurisdictional matter that can be raised at any time. Although King appears to apply the “illegal sentence” exception to waiver of the preclusion of Rule 32.2 where the defendant argues, at least in part, the adequacy of the State’s proof, we do not understand the King court to be abandoning the well-settled rule that an argument as to the State’s proof of prior convictions is not jurisdictional. King is unclear as to the reason the Court of Criminal Appeals remanded the case to the trial court. The Court of Criminal Appeals stated that the trial court had “ordered King to amend his petition to include this ground, and that the trial court would then rule on the petition.... Accordingly, this case is remanded.... ” 871 So.2d at 105-06. Thus, the case may have been remanded in King to allow the trial court to rule on the issue presented to it, namely whether for HFOA purposes King had only two prior felony convictions.
Alabama courts have repeatedly held that an argument about the adequacy of the State’s evidence is not jurisdictional and is therefore barred by Rule 32.2. Thus, we hold that Batey’s argument concerning the “sufficiency ... of the State’s evidence” of his prior felony convictions for enhancement purposes is procedurally barred.
Batey argues that the State failed to prove one of his prior convictions.[3] The trial court’s order and the Court of Criminal Appeals’ unpublished memorandum indicate that a prior conviction in the Franklin Circuit Court for second-degree sodomy was set aside and that Batey then pleaded guilty to first-degree sexual abuse. But Batey does not argue that his sentence is illegal because the prior felony conviction was vacated. In his brief to this Court, Batey quotes language concerning an illegal sentence and cites both McClintock and King as conflicting with the Court of Criminal Appeals’ unpublished memorandum, but he does not even mention in his petition or his brief that one of the prior felony convictions used to enhance his sentence under the HFOA has been set aside. Instead, he argues that he “only has one or possibly two” prior convictions instead of “three or four” and claims that he “is due the same treatment as King if he proves the State[’]s evidence actually proves he has less than three prior felony convictions.” Batey’s brief at 3 and 5. He explicitly states that he “is challenging the sufficiency of the contents or the substance of the State[’s] evidence that [is] suppose[d] to represent that he has four prior felony convictions.” Batey’s brief at 5. Under Alabama case-law, such a challenge to the sufficiency of the State’s evidence is procedurally barred because Batey did not raise it at trial or on appeal.
Because the issue Batey raises is not a jurisdictional issue, such as an illegal sentence, his argument is procedurally barred by Rule 32.2.

Conclusion

Because Batey’s argument that the State failed to prove his prior felony con *344 victions for purposes of the HFOA does not raise a jurisdictional issue, and because the ground he now asserts was not raised at trial or on appeal, his argument is barred by Rule 32.2, Ala. R.Crim. P. Therefore, we affirm the Court of Criminal Appeals’ judgment affirming the trial court’s denial of his Rule 32 petition for postconviction relief.
AFFIRMED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.

. Batey's sentence as a habitual offender was enhanced by several prior convictions, one of which was a conviction in the Franklin Circuit Court for second-degree sodomy. In 2004, Batey filed a Rule 32 petition in the Franklin Circuit Court, challenging his guilty plea to second-degree sodomy, on which his conviction in the Franklin Circuit Court had been based. The Franklin Circuit Court granted Batey's Rule 32 petition on the ground that second-degree sodomy is not a lesser-included offense of first-degree sodomy — the offense with which Batey was charged in the indictment. Batey subse *340 quently pleaded guilty in the Franklin Circuit Court to first-degree sexual abuse as a lesser-included offense of first-degree sodomy.

. This Court recently narrowed the scope of the jurisdictional exception to Rule 32 in Ex parte Seymour, 946 So.2d 536 (Ala.2006), overruling a line of cases that had held that a defect in an indictment is a jurisdictional matter that is not procedurally barred. In Seymour, we held that a defective indictment does not deprive the trial court of jurisdiction to hear the case, and that, therefore, a claim that an indictment is defective is not exempt from the Rule 32 bar. An illegal sentence, however, differs from a defective indictment. As we explained in Seymour, "a trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code.” 946 So.2d at 538. The HFOA, which is a provision of the Alabama Code, specifically vests a court with the authority to enhance a sentence; therefore, the court does not have the authority to impose a sentence that exceeds the scope of the HFOA. In doing so the court would be exceeding its jurisdiction.

. Batey states the “issue presented for review” as "[w]hether or not the State’s alleged failure to prove three prior felony convictions, fer sentence enhancement purposes, is jurisdictional, and subject to the procedural bars of Rule 32...." Batey's brief at 1.