BASCHAB, Presiding Judge.
On February 11, 2004, the appellant, Ruben Corey McNabb, was convicted of first-degree robbery. On March 24, 2004, the trial court sentenced Mm, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c), Ala.Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on February 14, 2005. See McNabb v. State, (CR-03-1141) 923 So.2d 349 (Ala.Crim.App.2004) (table). On or about March 21, 2007, the appellant filed a Rule 32 petition, challenging his sentence. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law. Specifically, he contends that “[tjhree of the prior felony convictions from the State of Florida are actually Youthful Offender Convictions, under the Florida Youthful Offender Act 958.04(4), and cannot be used for sentencing enhancement under the Habitual Felony Offender Act to sentence Petitioner to life without parole.” (C.R. 12.) The State concedes that we should remand this case for the circuit court to determine whether some of the prior convictions that were used to enhance the appellant’s sentence were actually youthful offender adjudications.
“[A] youthful offender adjudication cannot be used to enhance a sentence under *313 the HFOA. See Ex Parte Thomas, 435 So.2d 1324 (Ala.1982).” Grier v. State, 825 So.2d 873, 875 (Ala.Crim.App.2001). Therefore, the appellant’s argument maybe meritorious. Accordingly, we remand this case to the circuit court with instructions that it make specific, written findings of fact concerning the appellant’s argument. On remand, the circuit court may require the State to respond more specifically to the appellant’s argument and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.