SHAW, Justice
(dissenting in part and concurring in the result).
The petitioner, Reginald Tyrone Light-foot, was convicted of trafficking in cocaine, see Ala.Code 1975, § 13A-12-231(2). He challenges whether his sentence was properly “enhanced” under Ala.Code 1975, § 13A-12-231(13),[7] which essentially provided that any person who possessed a firearm during the commission of an offense falling within § 13A-12-231 would be sentenced to five years’ imprisonment “in addition to, and not in lieu of, the punishment otherwise provided .... ”
As the Court of Criminal Appeals held in its opinion in this case: “[T]he trial court’s application of the enhancement to Lightfoot’s sentence was in violation of Apprendi [ v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ].” Lightfoot v. State, 152 So.3d 434, 443 (Ala. Crim.App.2012) (opinion on application for rehearing). However, the court held that, because the application of the sentencing enhancement did not increase Lightfoot’s sentence beyond the statutory maximum penalty for the offense, any Apprendi error was harmless.[8] See, e.g., Jones v. State, 853 So.2d 1036, 1038 (Ala.Crim.App.2002).
I have previously written, as a member of the Court of Criminal Appeals, as to why I believe such harmless-error analysis is incorrect:
“I simply cannot agree that a defendant suffers no substantial prejudice from an illegal, mandatory sentence, even when the sentence imposed does not exceed the statutory maximum. The harmless error approach ... appears to me to conflict with the rationale of this Court’s decisions in McClintock v. State, 773 So.2d 1057 (Ala.Crim.App.2000); Crenshaw v. State, 740 So.2d 478 (Ala.Crim.App.1998); and Pickens v. State, 475 So.2d 637 (Ala.Crim.App.1985). Of particular significance, I think, is this Court’s statement in Pickens:
“ ‘The State contends that since the appellant’s life sentence was within the allowable range of punishment, his sentence should stand. We cannot agree with this argument.
“ ‘The Alabama Supreme Court held in Ex parte Thomas, [435 So.2d 1324 (Ala.1982) ] [agreeing with Judge Bowen’s dissent in Thomas v. State, 435 So.2d 1319 (Ala.Crim.App.1981) ] that merely because a trial judge could have sentenced a defendant to a *453 particular sentence does not necessarily mean that he would have imposed that particular sentence had he not considered improper matters.’
“4[7]5 So.2d at 640. (Emphasis in original.)”
Poole v. State, 846 So.2d 370, 397-98 (Ala.Crim.App.2001) (Shaw, J., concurring in the result) (footnote omitted).
In Poole, I criticized the idea that it is proper to assume that the trial court would have made the same sentencing decision had the impermissible sentencing enhancement not been considered. However, in the instant case, it appears that we know that the enhancement caused the trial court to make a different sentencing decision. At the sentencing hearing, the trial court sentenced Lightfoot to 15 years’ imprisonment and described the sentence as follows: “Of that 15, you will have 2 mandatory, by law, minimum sentences to fulfill. One is a 3-year sentence that is mandatory, by statute, based on the trafficking offense. Another is the 5 years additional that is mandatory, based on a firearm involved in this case.” I see nothing that would allow me to assume that, without the firearm enhancement, Lightfoot would have received the same sentence. Thus, the error in applying the firearm enhancer ment is not harmless. I would reverse the Court of Criminal Appeals’ decision in this respect, and I concur in the main opinion’s decision to do so.
Nevertheless, the State offers another rationale for why the Apprendi error in this case was harmless. Under Apprendi, the firearm enhancement is essentially considered an element of the offense that must be decided by the jury in order for the enhancement to be applied. As the main opinion notes, the United States Supreme Court has held that the failure of a jury to decide such an Apprendi element is harmless error if no rational jury, considering the element, would find it not to be proved. See Washington v. Recuenco, 548 U.S. 212, 218-22, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (citing Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).
The Court of Criminal Appeals did not discuss this issue in its decision (and it did not need to, because it found different grounds on which to affirm the trial court’s judgment). I would remand the case to the Court of Criminal Appeals to examine whether this issue is available to affirm the trial court’s decision. I thus dissent from the portion of the main opinion remanding the case for a new sentencing hearing.
BRYAN, J., concurs.

. Effective May 10, 2012, § 13A-12-231(13) was redesignated as § 13A-12-231(14). See Act No. 2012-267, Ala. Acts 2012.

. This Court did not grant certiorari review to determine whether the Court of Criminal Appeals correctly held that Apprendi was violated; I thus express no opinion regarding the United States Supreme Court's recent decision in Alleyne v. United States, — U.S.—, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).